**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN IRINEO RAMIREZ, | No. 14-16656 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-02225-ROS-JFM |
| v. | |
| JOSEPH M. ARPAIO, Sheriff at Maricopa County; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted August 25, 2015**

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Arizona state prisoner Juan Irineo Ramirez appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations in connection with visual body cavity strip searches during his pretrial

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed the Maricopa County Sheriff's Office ("MCSO"), sued as the Maricopa County Sheriff's Department, because Maricopa County is the proper party. *See Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (citing *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) for the proposition that MCSO is a non-jural entity, concluding that MCSO had improperly been named as a party in the action, and substituting Maricopa County as a party in lieu of MCSO); *see also Braillard*, 232 P.3d at 1269 ("[N]o Arizona statute confers [the power to sue and be sued] on MCSO as a separate legal entity.").

The district court properly dismissed Ramirez's Fourth Amendment claims because Ramirez failed to allege facts sufficient to show that the searches were unreasonable or not reasonably related to a legitimate penological interest. *See Bull v. City & County of San Francisco*, 595 F.3d 964, 971-74 (9th Cir. 2010) (en banc) (setting forth factors relevant to reasonableness of pretrial detention search

or search policy, including whether reasonably related to legitimate penological interests); *see also Florence v. Bd. of Chosen Freeholders of the Cnty. of Burlington*, 132 S. Ct. 1510, 1517 (2012) ("The task of determining whether a policy is reasonably related to legitimate security interests is peculiarly within the province and professional expertise of corrections officials." (citation and internal quotation marks omitted)).

To the extent that Ramirez alleged Fourteenth Amendment substantive due process claims, dismissal was proper because Ramirez failed to allege facts sufficient to show an intent to punish or that the policies were unrelated to a legitimate governmental purpose. *See Bell v. Wolfish*, 441 U.S. 520, 535-36, 538 (1979) (setting forth criteria for evaluating a pretrial detainee's substantive due process claim); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1137 n.3 (9th Cir. 2011) (en banc) (a pretrial detainee's Eighth Amendment claim is "properly recharacterized . . . as a substantive due process claim under the Fourteenth Amendment").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Ramirez's pending motions, filed on April 6, 2015, are denied.

**AFFIRMED.**